United States Courts
Southern District of Texas
FILED

MAR 13 2018

David J. Bradley, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. H-17-488-S |
| | § | |
| DAVID GRUDZINSKI | § | |

SUPERSEDING INDICTMENT

THE GRAND JURY CHARGES:

At all times material to this Superseding Indictment:

COUNTS ONE THROUGH SIXTEEN
(Title 18, U.S.C. § 1343)

A. INTRODUCTION

1. David GRUDZINSKI was the Director and President of D&L Grudzinski Enterprises, Inc., a Texas corporation. GRUDZINSKI also filed an Assumed Name Certificate with the State of Texas in order to do business under the name Coin Telecom Systems.

2. Coin Telecom Systems, was a Payphone Service Provider (PSP). GRUDZINSKI ran Coin Telecom Systems, a coin operated telephone business, from his home in Friendswood, Texas at all times material to this Superseding Indictment.

3. As a PSP GRUDZINSKI owned and controlled approximately 450 payphones located at various locations in Texas including Houston, Friendswood, League City, Tomball, Dayton, Lake Jackson and Freeport.

4. "Dial around compensation" is a system for PSPs to receive compensation for toll-free telephone calls completed from their payphones. The Federal Communications Commission

1

(FCC) regulates how PSPs arecompensated. During the period of the scheme, PSPs were compensated $.494 per completed toll-free call.

5.  GRUDZINSKI utilized an Aggregator to collect dial around compensation on his behalf. GRUDZINSKI provided Automated Number Identifiers (ANI) for his payphones to the Aggregator through the Aggregator's website. The Aggregator forwarded GRUDZINSKI's ANI list to the national clearinghouses and other service providers for payment. Once the clearinghouses and service providers determined the number of calls originated from payphones identified on GRUDZINSKI's ANI list, the service providers were invoiced for payment. The toll-free service providers collected the dial around compensation from each toll-free number subscriber, or the subscriber's agent, for each completed call and the funds were submitted to the respective Clearinghouse. The Aggregator then collected the dial-around compensation from the Clearinghouses and subsequently submitted payment to GRUDZINSKI quarterly through an electronic payment via Automated Clearing House (ACH) transfers.

B. THE SCHEME

6.  From in or about 2005 and continuing through July 10, 2015, in the Southern District of Texas and elsewhere, the defendant,

DAVID GRUDZINSKI,

did knowingly devise and intend to devise a scheme and artifice to defraud various entities including state and federal government agencies, federal conservatorships, and private businesses, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises ("the scheme to defraud").

C. MANNER AND MEANS OF THE SCHEME AND ARTIFICE

The manner and means of the scheme and artifice were as follows:

7.  It was part of the scheme to defraud that GRUDZINSKI used a "polling" computer maintained at his residence and business located in Friendswood, Texas to program his payphones to robotically place repeated telephone calls to toll-free phone numbers, for the purpose of fraudulently acquiring the dial around compensation fee for each phone call.

8.  It was further part of the scheme to defraud that GRUDZINSKI programed his payphones to call toll-free telephone numbers in a repeating pattern.

9.  As part of the scheme to defraud, GRUDZINSKI programed his payphones to robotically dial toll-free telephone numbers assigned to various federal government agencies, including but not limited to, the Federal Trade Commission, Department of Transportation, United States Department of Housing and Urban Development, Internal Revenue Service, Securities and Exchange Commission, United States Food and Drug Administration, Defense Finance and Accounting Service for the Department of Defense, and Department of Education.

10. It was further part of the scheme to defraud that GRUDZINSKI programed his payphones to robotically dial toll-free telephone numbers assigned to various state agencies, such as the State of Texas Lone Star Help Desk and Texas Health and Human Services. In addition, GRUDZINSKI also programed his payphones to robotically dial toll-free telephone numbers assigned to other entities, including federal conservatorships such as Freddie Mac and Fannie Mae, as well as numerous private businesses who utilized toll-free numbers for their customers or other consumers.

11. As part of the scheme to defraud, GRUDZINSKI made quarterly submissions to the Aggregator of the telephone numbers for his payphones, who in turn submitted on his behalf his payphone numbers to clearinghouses for payment for each completed call to a toll-free number.

12. It was further part of the scheme to defraud that GRUDZINSKI intended to receive

compensation from the owner of the toll-free numbers called from his payphones that quarter, through the clearinghouses and Aggregator.

13. GRUDZINSKI received those payments via interstate wire communications, that is, ACH transfers from the bank account of the Aggregator into GRUDZINSKI's business account in Friendswood, Texas.

14. Upon receipt of the fraudulently obtained proceeds, GRUDZINSKI caused the transfer of those funds into other bank accounts, frequently in amounts in excess of $10,000.

15. It was further part of the scheme to defraud that GRUDZINSKI received approximately $2,400,000.00 in fraudulent dial-around compensation.

D. THE CHARGE

16. On or about the dates alleged below, in the Southern District of Texas, and elsewhere the defendant,

DAVID GRUDZINSKI,

did knowingly devise, and intend to devise, a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing a scheme to defraud did knowingly transmit and cause to be transmitted by means of interstate wire communications a writing, sign, signal, picture or sound as described below:

| COUNT | DATE | WIRE COMMUNICATION |
|---|---|---|
| 1 | April 30, 2014 | Telephone call from payphone 713-777-8039 located at 7802 Hillcroft Avenue, Houston, Texas to 1-800-373-3343, subscribed to by Freddie Mac, at approximately 5:01 a.m. |
| 2 | April 30, 2014 | Telephone call from payphone 713-777-8039 located at 7802 Hillcroft Avenue, Houston, Texas to 1-800-321-1080, subscribed to by Defense Finance & Accounting Service, at approximately 12:07 p.m. |
| 3 | April 30, 2014 | Telephone call from payphone 713-777-8039 located at 7802 Hillcroft Avenue, Houston, Texas to 1-800-321-1080, subscribed |

| | | |
|---|---|---|
| | | to by Defense Finance & Accounting Service, at approximately 8:03 p.m. |
| 4 | May 26, 2014 | Telephone call from payphone 713-777-8039 located at 7802 Hillcroft Avenue, Houston, Texas to 1-800-373-3343, subscribed to by Freddie Mac, at approximately 5:00 a.m. |
| 5 | May 26, 2014 | Telephone call from payphone 713-777-8039 located at 7802 Hillcroft Avenue, Houston, Texas to 1-800-321-1080, subscribed to by, Defense Finance & Accounting Service, at approximately 6:03 a.m. |
| 6 | May 26, 2014 | Telephone call from payphone 281-996-6754 located at 4001 FM 2351, Friendswood, Texas to 1-800-829-1954, subscribed to by the Internal Revenue Service, at approximately 8:04 a.m. |
| 7 | May 26, 2014 | Telephone call from payphone 713-777-8039 located at 7802 Hillcroft Avenue, Houston, Texas to 1-800-373-3343, subscribed to by Freddie Mac, at approximately 2:00 p.m. |
| 8 | May 26, 2014 | Telephone call from payphone 713-777-8039 located at 7802 Hillcroft Avenue, Houston, Texas to 1-800-321-1080, subscribed to by Defense Finance & Accounting Service, at approximately 6:05 p.m. |
| 9 | May 26, 2014 | Telephone call from payphone 281-996-6754 located at 4001 FM 2351, Friendswood, Texas to 1-800-829-1954, subscribed to by the Internal Revenue Service, at approximately 11:02 p.m. |
| 10 | July 10, 2014 | ACH transfer of $91,205.02 into account xxx5219 held at Wells Fargo Bank in the name D&L Grudzinski Enterprises, Inc. |
| 11 | January 25, 2015 | Telephone call from payphone 713-777-8039 located at 7802 Hillcroft Avenue, Houston, Texas to 1-800-373-3343, subscribed to by Freddie Mac, at approximately 5:02 a.m. |
| 12 | January 25, 2015 | Telephone call from payphone 713-777-8039 located at 7802 Hillcroft Avenue, Houston, Texas to 1-800-321-1080, subscribed to by Defense Finance & Accounting Service, at approximately 6:03 a.m. |
| 13 | January 25, 2015 | Telephone call from payphone 713-777-8039 located at 7802 Hillcroft Avenue, Houston, Texas to 1-800-373-3343, subscribed to by Freddie Mac, at approximately 9:03 a.m. |
| 14 | January 25, 2015 | Telephone call from payphone 713-777-8039 located at 7802 Hillcroft Avenue, Houston, Texas to 1-800-321-1080, subscribed to by Defense Finance & Accounting Service, at approximately 1:06 p.m. |
| 15 | January 25, 2015 | Telephone call from payphone 713-777-8039 located at 7802 Hillcroft Avenue, Houston, Texas to 1-800-373-3343, subscribed to by Freddie Mac, at approximately 7:03 p.m. |
| 16 | April 10, 2015 | ACH transfer of $88,146.21 into account xxx5219 held at Wells Fargo Bank in the name D&L Grudzinski Enterprises, Inc. |

In violation of Title 18, United States Code, Section 1343.

## COUNT SEVENTEEN
(Title 18, U.S.C. § 1341)

17. The allegations contained in paragraphs 1 through 15 of this Superseding Indictment are hereby repeated, realleged, and incorporated by reference as though fully set forth herein.

18. On or about February 6, 2015, in the Southern District of Texas, the defendant,

DAVID GRUDZINSKI,

did knowingly devise, and intend to devise, a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing the scheme to defraud, and attempting to do so, did knowingly cause to be placed in an authorized depository for mail matter to be sent by the United States Postal Service, that is, an envelope from Coin Telecom Systems in Friendswood, Texas to a business located in Crosby, Texas which contained check 7705 written on Wells Fargo Bank account xxx5546 payable as a quarterly payphone commission.

In violation of Title 18, United States Code, Section 1341.

## COUNTS EIGHTEEN & NINETEEN
(Title 18, U.S.C. §1957)

19. The allegations contained in paragraphs 1 through 15 as set out in this criminal information are re-alleged and incorporated by reference, as though fully set forth herein.

20. On or about the dates alleged below, in the Southern District of Texas, and elsewhere, and within the jurisdiction of this Court,

DAVID GRUDZINSKI,

defendant herein, did knowingly engage in and cause monetary transactions affecting interstate commerce within the United States in criminally derived property that is of a value greater than

6

$10,000 such funds having been derived from specified unlawful activity, that is, mail fraud and wire fraud in violation of Title 18, United States Code, Section 1341 and 1343.

| COUNT | DATE | FINANCIAL TRANSACTION |
|---|---|---|
| 18 | July 14, 2014 | Transfer of $52,000 from Wells Fargo Bank account xxx5219 to Wells Fargo Bank account xxx5546 |
| 19 | July 14, 2014 | Transfer of $37,000 from Wells Fargo Bank account xxx5546 to a Wells Fargo line of credit xxx0689 |

All in violation of Title 18, United States Code, Section 1957.

### NOTICE OF FORFEITURE
(28 U.S.C. §2461(c); 18 U.S.C. §981(a)(1)(C))

Pursuant to Title 18, United States Code, Section 981(a)(1)(C), the United States gives notice to defendant,

DAVID GRUDZINSKI,

that upon conviction of mail or wire fraud in violation of Title 18, United States Code, Sections 1341 or 1343, all property, real or personal, which constitutes or is derived from proceeds traceable to such offenses is subject to forfeiture.

### NOTICE OF FORFEITURE
(18 U.S.C. §982(a)(1))

Pursuant to Title 18, United States Code, Section 982(a)(1), the United States gives notice to defendant,

DAVID GRUDZINSKI,

that upon conviction for money laundering in violation of Title 18, United States Code, Section 1957, all property, real or personal, involved in such offenses or traceable to such property, is subject to forfeiture.

### Money Judgment

A money judgment may be imposed equal to the total value of the property subject to

forfeiture, which is approximately $2,400,000.00.

## Substitute Assets

In the event that a condition listed in Title 21, United States Code, Section 853(p) exists, the United States will seek to forfeit any other property of the defendant up to the total value of the property subject to forfeiture.

A TRUE BILL

Original signature on File

FOREPERSON OF THE GRAND JURY   03/13/2018
                                                                                               Date

RYAN K. PATRICK
UNITED STATES ATTORNEY

By: _____   3/13/2018
    Melissa J. Annis                          Date
    Assistant United States Attorney